UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22425-CIV-UNGARO/SIMONTON

SYLVIA NELSON JOHNSON as PERSONAL
REPRESENTATIVE OF THE ESTATE OF
EDWIN ALEXANDER COOK, deceased,

    Plaintiff,

v.

DEL MONTE FRESH PRODUCE COMPANY,
NETWORK SHIPPING LTD. INC., et al.,

    Defendants.
_____/

## OMNIBUS DISCOVERY ORDER

This matter is before the Court upon Plaintiff's Motion for Protective Order Regarding the Deposition of Plaintiff's Liability Expert Douglas Torborg (DE # 92), Defendants, Del Monte and Network Shipping's Motion to Compel Discovery Responses from Plaintiff (DE # 95) and Plaintiff's Motion for an In Camera Inspection Pursuant to Federal Rule of Evidence 612 (DE # 96). The Parties have responded to the respective motions (DE ## 98, 101, 116). The Honorable Ursula Ungaro, United States District Judge, has referred the Motions to the undersigned (DE ## 97, 100). Based upon a review of the record as a whole, and the Parties' submissions for each of the Motions, the undersigned rules as follows: Plaintiff's Motion for Protective Order Regarding the Deposition of Plaintiff's Liability Expert Douglas Torborg (DE # 92) is GRANTED; Defendants, Del Monte and Network Shipping's Motion to Compel Discovery Responses from the Plaintiff (DE # 95) is GRANTED; and Plaintiff's Motion for an In Camera Inspection Pursuant to Federal Rule of Evidence 612  (DE # 96) is DENIED.

I.      FACTS

This matter was initiated when Plaintiff, Sylvia Nelson Johnson, as the Personal Representative of the Estate of Decedent Edwin Alexander Cook, filed a three-count Complaint seeking recovery based on, *inter alia*, Jones Act Negligence (Count I), Unseaworthiness (Count II) and Death on the High Seas Act (Count III) related to the death of Mr. Cook, a seaman, while aboard a vessel allegedly managed, operated or controlled by one or more of the Defendants (DE #1). After Plaintiff filed an Amended Complaint (DE # 21), Defendants filed Motions to Dismiss, asserting, among other things, lack of personal jurisdiction, lack of subject matter jurisdiction and *forum non conveniens*. The Court granted the Parties leave to conduct jurisdictional discovery and ultimately dismissed the case against two of the Defendants for lack of personal jurisdiction, and denied the Motions to Dismiss as to Defendants Del Monte Fresh and Network Shipping, Ltd. (DE #85).  The Parties thereafter filed the discovery motions at bar.  On August 27, 2010, Defendant Del Monte Fresh was voluntarily dismissed by the Plaintiff from this action (DE # 106).

The trial in this matter is set for November 8, 2010 (DE # 54) and the discovery deadline was August 20, 2010 (DE # 89).

II.     DISCOVERY MOTIONS

   A.   **Plaintiff's Motion for Protective Order regarding the Deposition of Plaintiff's Liability Expert Douglas Torborg (DE # 92)**

Plaintiff filed this Motion requesting that the Court issue a Protective Order quashing the notice issued by the Defendants which set the deposition of the Plaintiff's expert, Douglas Torborg, for August 20, 2010.  Plaintiff further requested that the expert's deposition be reset for a mutually convenient time.  In the Motion, Plaintiff

states that Mr. Torborg was out of the country between August 12, 2010 and August 28, 2010 and again between September 4, 2010 and September 12, 2010.  According to Plaintiff, Defendants were aware of Mr. Torborg's unavailability prior to noticing his deposition.

Defendants Del Monte and Network Shipping respond that Plaintiff failed to include a written report from Mr. Torborg when Plaintiff submitted its Expert Witness List.  Defendants state, as a result of the omission, they have filed a Motion to Strike Plaintiff's Expert Witness (DE # 91).  Therefore, Defendants assert there is no need for this Court to grant the relief requested by Plaintiff because if the Defendants' Motion to Strike is granted, the issue regarding a protective order for Mr. Torborg will be moot.  In addition, Defendants dispute that they were aware of Mr. Torborg's unavailability prior to the first time that he was noticed for deposition, and further contend that Plaintiff failed to make Mr. Torborg available for deposition prior to his departure from the country.  Defendants however, acknowledge that they have now received Mr. Torborg's written report (DE # 98 ¶ 7).

The undersigned has reviewed the submissions from the Parties and concludes that, under the facts of this case, it is appropriate for the deposition of Mr. Torborg to proceed.  Mr. Torborg has been identified as Plaintiff's expert and Defendants have been provided a written report from that expert.  In addition, Plaintiff sought relief from this Court regarding the expert's deposition prior to the scheduled date of the deposition and prior to the expiration of the discovery deadline.  Thus, at this point, the deposition shall proceed.[1]  Accordingly, the Plaintiff's Motion for Protective Order (DE # 92) is granted,

---

[1] **Defendants' Motion to Strike Plaintiff's Expert remains pending before the District Judge.**

3

*nunc pro tunc*, to the extent the Motion sought to prevent the deposition of Plaintiff's expert from proceeding on August 20, 2010.  In addition, the deposition of Mr. Torborg shall proceed at a mutually convenient time and place for the Parties on or before September 24, 2010.

    B.    <u>Defendants, Del Monte and Network Shipping's Motion to Compel Discovery Responses from the Plaintiff (DE # 95)</u>

In this Motion, Defendants seek to compel Plaintiff to respond to discovery requests served on Plaintiff on or about July 22, 2010.  Defendants contend that there was an agreement between the Parties to permit each Party to serve its respective discovery requests and for each Party to respond expeditiously to those requests before the August 20, 2010 discovery deadline date set by the Court's Order (DE # 89).  Defendants allege that contrary to this agreement, Plaintiff, after receiving the Defendants' expedited responses to discovery, refused to provide its own responses to Defendants' discovery requests.  In support of their Motion, Defendants have attached four emails exchanged between Jason Bravo, an attorney at the firm representing the Defendants, and Richard Alsina, an attorney at the firm representing the Plaintiff, wherein Plaintiff's Counsel indicates that the discovery responses will be forthcoming (DE # 95-1).   Those emails are dated August 10 and 11, 2010.  In addition, Defendants have submitted a Notice of Filing Discovery Request in Support of Defendants' Motion to Compel which reflects that the discovery requests at issue were served via facsimile and U.S. Mail on Plaintiff on July 22, 2010.

In Response to the Motion, Plaintiff asserts that because the discovery deadline in this case was August 20, 2010, and the discovery requests were not served until July 22, 2010, they were untimely and Plaintiff was not required to respond (DE # 116).

**Plaintiff further denies the existence of any agreement between the Parties to expedite the discovery responses (DE # 116). Rather, Plaintiff argues that the emails submitted by the Defendants in support of the Motion to Compel, were "not from the attorney who was working on the discovery responses, and thus the statements in the email were not based on an informed picture of the fact that the untimely discovery requests were a nullity." (DE # 116 at 2).**

**Based upon a thorough review of the Parties' submissions, the undersigned concludes that the record establishes good-faith reliance by the Defendants on an agreement between the Parties to provide discovery responses before the discovery deadline, notwithstanding the July 22, 2010 service date of those requests. The emails between the Parties suggest that both Mr. Bravo and Mr. Alsina believed that Plaintiff was going to respond to the discovery requests prior to the discovery deadline. Thus, presumably Defendants, relying on those emails, did not seek relief from the Court to expedite Plaintiff's responses prior to the close of discovery. Plaintiff's assertion that Mr. Alsina did not have adequate factual knowledge to enter into such an agreement is unavailing. Defendants were entitled to rely on the representations and/or an agreement made by Plaintiff's Counsel regarding the production of discovery responses. Therefore, the Defendants' Motion to Compel is GRANTED. By September 24, 2010, the Plaintiff shall provide responses to the Defendants' discovery requests served on or about July 22, 2010.**

**C. <u>Plaintiff's Motion for an In Camera Inspection Pursuant to Federal Rule of Evidence 612 (DE # 96)</u>**

**In this Motion, Plaintiff requests that the Court conduct an in camera inspection of a document reviewed by one of the Defendants' witnesses prior to that witness'**

deposition, and thereafter determine whether the document should be produced to the Plaintiff pursuant to Federal Rule of Evidence 612.[2]  According to Plaintiff, at the August 20, 2010, deposition of one of the Defendants' corporate representatives, Monica Vicente, Ms. Vicente stated that she looked at a corporate flow chart for Fresh Del Monte Produce, Inc., to refresh her memory (DE # 96).  Plaintiff argues that pursuant to Rule 612, Plaintiff is entitled to cross-examine the witness, Ms. Vicente on that document and that the entire document should be produced because it is relevant to her testimony.  In support of its Motion, Plaintiff has attached the cover of Fresh Del Monte's Produce, Inc.'s 2009 Annual Report and one page of that Report which reflects Del Monte's organizational structure, which is the one page that the deponent purportedly reviewed prior to her deposition (DE # 96-1).  Plaintiff further asserts that an in camera inspection by the Court is necessary because Defendant Del Monte claims that the document contains matters not related to the subject of the corporate representative's testimony.  In addition, in the Motion, Plaintiff states that the transcript of Monica Valiente's deposition would be filed, once available.

      Defendant Del Monte responds that Plaintiff is not entitled to view the entire document because the deponent only reviewed one portion of the document at issue related to Del Monte's ownership, and the remainder of the document was irrelevant to her testimony (DE # 101).  Defendant further argues that the document is proprietary and confidential.  In support of its position, Defendant Del Monte has submitted the Affidavit of Ms. Vicente (DE # 102).  In her Affidavit, Ms. Vicente states, in pertinent part, that in

---

[2] Although the witness deposed was a corporate representative for Del Monte, and Del Monte has subsequently been dismissed as a Defendant from the case, this Motion is not moot because Network Shipping, Ltd., Inc. remains a Defendant in this litigation.

preparation for her August 20, 2010 deposition, she verified the answers she previously gave during a jurisdictional deposition by looking at the corporate flow chart (DE # 102 ¶ 2). She further states that she only reviewed that portion of the document that corresponded to the direct ownership of Del Monte as reflected in the flow chart to ensure that her previous testimony was accurate (DE # 102 at ¶ 4).

Federal Rules of Evidence Rule 612, Writing Used to Refresh Memory, provides,

> Except as otherwise provided in criminal proceedings by section 3500 of title 18, United States Code, if a witness uses a writing to refresh memory for the purpose of testifying, either--
>
> (1) while testifying, or
>
> (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto. Any portion withheld over objections shall be preserved and made available to the appellate court in the event of an appeal. If a writing is not produced or delivered pursuant to order under this rule, the court shall make any order justice requires, except that in criminal cases when the prosecution elects not to comply, the order shall be one striking the testimony or, if the court in its discretion determines that the interests of justice so require, declaring a mistrial.

Courts have routinely applied this rule to documents reviewed in preparation for depositions as well as for trial testimony preparation. *Medtronic XOMED, Inc. V. Gyrus Ent, LLC.,* 2006 WL 786425 (M.D. Fla. March 27, 2006) *citing Sporck v. Peil*, 759 F.2d 312, 327 (3rd Cir. 1985) (noting that although Rule 612 is an evidence rule it is applicable to a

deposition and deposition testimony by operation of Fed.R.Civ.P. 30(c)); *In re Comair Air Disaster Litigation*, 100 F.R.D. 350, 353 (D. Ky. 1983) (holding that Rule applies to written materials reviewed by a witness prior to a deposition).  However, pursuant to the language of the Rule, in order for Rule 612 to apply in cases where a document was reviewed *prior* to the witness testifying, the Party seeking to have the document produced must demonstrate that: (1) the witness used the writing to refresh his memory; (2) the witness used the writing for the purpose of testifying; and (3) production is necessary in the interests of justice. *Id. citing Sporck v. Peil*, 759 F.2d at 317; *In re Managed Care Litig.*, 415 F. Supp. 2d 1378 (S.D. Fla. 2006).

In *Medtronic Xomed, Inc. v. Gyrus Ent., LLC.,* 2006 WL 786425 (M.D. Fla. March 27, 2006) for example, the Court denied a party's request for production of a document reviewed by a deponent where it was not shown that the deponent used the document to refresh his recollection, used the document for the purpose of testifying or that the interests of justice weighed in favor of compelling the party to produce the document. In doing so, the Court stated, "Rule 612 exists, in part, to 'safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in fact to have an impact upon the testimony of the witness.'" *Id*. at *4 citing to Fed.R. Evid. 612 advisory committee's notes.   The Court continued, "...for Rule 612 to apply, Defendant must prove that the contested document had an impact upon the testimony of the witness." *Id.*

In this matter, it is not disputed that Ms. Vicente reviewed the document prior to giving her deposition testimony.  Plaintiff nonetheless has failed to demonstrate that the application of Rule 612 is appropriate in this case. First, although not dispositive of the Court's determination in this regard, Plaintiff has not shown that Ms. Vicente used the

8

document at issue to refresh her recollection.  In her Affidavit, Ms. Vicente states that she used the flow-chart to verify that her previous testimony was accurate and does not state that she used the document to refresh her recollection.  Second, and more importantly, the Plaintiff has failed to provide the Court with the transcript from the August 20, 2010 deposition of Ms. Vicente in order for this Court to determine what portions of the document are relevant to her testimony or whether the production of the document is necessary in the interests of justice.  Since Plaintiff filed to provide the relevant transcript despite their statement that they would, an in camera inspection to determine whether the document contains matters related to the August 20, 2010 testimony is not possible on the state of this record.  Thus, the undersigned has determined that production of the document at issue is not necessary in the interests of justice and Plaintiff's Motion for an in camera inspection is DENIED.

III. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Protective Order Regarding the Deposition of Plaintiff's Liability Expert Douglas Torborg (DE # 92) is **GRANTED**.  To the extent the Motion sought to prevent the deposition of Plaintiff's expert from proceeding on August 20, 2010, the Motion is granted *nunc pro tunc*.  The deposition of Mr. Torborg shall proceed at a mutually convenient time and place for the Parties on or before September 24, 2010.  It is further

**ORDERED AND ADJUDGED** that Defendants Del Monte and Network Shipping's Motion to Compel Discovery Responses from the Plaintiff (DE # 95) is **GRANTED**.  Plaintiff shall provide responses to Defendants' discovery requests on or

before Friday, September 24, 2010.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion for an In Camera Inspection Pursuant to Federal Rule of Evidence 612 (DE # 96) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on September 17, 2010.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record